**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VISION WORKS IP CORP., | |
| Plaintiff, | Civil Action No. 2:25-cv-00999 |
| v. | **JURY TRIAL DEMANDED** |
| TESLA, INC., | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vision Works IP Corp. (hereinafter, "Plaintiff" or "Vision Works") files this Complaint for patent infringement against Defendant Tesla, Inc. ("Tesla" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**<u>NATURE OF THE ACTION</u>**

1.     This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent No. | Reference |
|---|---|---|
| 1. | 8,315,769 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8315769 <br><br> https://patents.google.com/patent/US8315769B2/en?oq=8315769 |
| 2. | 8,682,558 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8682558 <br><br> https://patents.google.com/patent/US8682558B2/en?oq=8682558 |
| 3. | 9,830,821 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/9830821 <br><br> https://patents.google.com/patent/US9830821B2/en?oq=9830821 |

| | U.S. Patent No. | Reference |
|---|---|---|
| 4. | 10,391,989 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10391989 <br><br> https://patents.google.com/patent/US10391989B2/en?oq=10391989 |
| 5. | 10,410,520 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10410520 <br><br> https://patents.google.com/patent/US10410520B2/en?oq=10410520 |

2.    Plaintiff seeks monetary damages and injunctive relief.

## PARTIES

3.    Vision Works is a corporation organized and existing under the laws of the State of Washington and maintains its principal place of business at 202 Mineral Road N., Mineral, Washington, 98355 (Lewis County).

4.    Based upon public information, Tesla is a corporation organized under the laws of the State of Texas.

5.    Based upon public information, Tesla has its principal place of business located at 1 Tesla Road, Austin, Texas, 78725.[1]

6.    Based upon public information, Tesla may be served through its registered agent: C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

## JURISDICTION AND VENUE

7.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

8.    This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

---

[1] *See* https://www.tesla.com/contact (last visited September 19, 2025)

9.    Tesla is subject to this Court's specific and general personal jurisdiction under due process due to at least its substantial business in this Judicial District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

10.    Specifically, Tesla intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District, in the State of Texas, and in the United States, directly, through intermediaries, by contributing to and through the inducement of third parties, and offers and sends its products and services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

11.    More specifically, Tesla directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and in this District.  Defendant has authorized sellers and sales representatives that offer and sell products identified in this Complaint throughout the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as in Tesla authorized dealerships in this District and State.  In particular, Tesla maintains the following sales  locations in this District:  5800 Democracy Drive, Plano, Texas 75024; 300 Lexington Drive, Plano, Texas 75075; 7500 Windrose Avenue Space B185, Plano, Texas 75024; 1805 Justin Road, Flower Mound, Texas 75028; 6155 Eastex Freeway, Beaumont, Texas 77706; and 3408 S SW Loop 323, Tyler, Texas 75701.[2]

---

[2] *See* https://www.tesla.com/findus/list/stores/United+States  (last visited September 5, 2025)

12.     On information and belief, Tesla has significant ties to, and presence in, the State of Texas and this District, making venue in this Judicial District both proper and convenient for this action.

13.     Therefore, venue is proper in this District pursuant to 28 U.S.C. §1400(b).

## THE ACCUSED PRODUCTS

14.     Based upon public information, Defendant owns, operates, advertises, and/or controls the website www.tesla.com through which it advertises, sells, offers to sell, provides and/or educates customers about its products.[3]

15.     Defendant offers at least the following products (hereinafter, the "Accused Products") that are incorporated into certain Tesla vehicles and that infringe one or more claims of at least one of the Asserted Patents:

- o   Tesla Adaptive Suspension Damping;

- o   Tesla Autopilot; and

- o   Tesla Traction and Stability Control.

16.     Defendant offers to its customers information about how to use the Accused Products.[4]

---

[3] *See* https://www.tesla.com/ and https://www.tesla.com/current-offers (last visited September 17, 2025)

[4] *See e.g.,*

Tesla Model S Owner's Manual (2025+) at
https://www.tesla.com/ownersmanual/models/en_us/Owners_Manual.pdf (last visited September 18, 2025)

Tesla Model S Owner's Manual (2012-2020) at
https://www.tesla.com/ownersmanual/2012_2020_models/en_us/Owners_Manual.pdf (last visited September 18, 2025)

Tesla Model Y Owner's Manual at
https://www.tesla.com/ownersmanual/modely/en_us/Owners_Manual.pdf (last visited September 18, 2025)

**COUNT I: <u>INFRINGEMENT OF U.S. PATENT NO. 8,315,769</u>**

17.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-16 above as though fully set forth in their entirety.

18.    U.S. Patent No. 8,315,769 (the "'769 patent") was issued on November 20, 2012 after full and fair examination by the USPTO of Application No. 13/302,965 which was filed on November 22, 2011.  The '769 patent is entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles."  *See* '769 patent at p. 1.

19.    Vision Works owns all substantial rights, interest, and title in and to the '769 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

20.    Vision Works or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '769 patent.

21.    The written description of the '769 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

22.    The claims of the '769 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that control a vehicle's performance by continuously updating the suspension of a vehicle for optimum performance based on the lateral acceleration of the vehicle's body when cornering.

23.    Based upon public information, Plaintiff is informed and believes that Defendant has

infringed one or more claims of the '769 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its Tesla Adaptive Suspension Damping.

24.    Based upon public information, Tesla Adaptive Suspension Damping meets each and every step of at least Claim 21 of the '769 Patent, either literally or equivalently.  Specifically, Defendant's provision of Tesla Adaptive Suspension Damping has infringed, and continues to infringe, at least said claim because it provides a method for controlling the performance characteristics of a vehicle by sensing its lateral acceleration at the vehicle, sending a signal to a plurality of control devices based upon the vehicle's lateral acceleration, and adjusting a suspension characteristic of the vehicle based upon the lateral acceleration of the vehicle.  *See* **Exhibit A**.

25.    Based upon public information, Defendant's customers use Tesla Adaptive Suspension Damping in such a way that infringes one or more claims of the '769 patent.  *See* Exhibit A.

26.    To the extent that Defendant is not the only direct infringer of one or more claims of the '769 patent, it instructs its customers on how to use Tesla Adaptive Suspension Damping in ways that infringe said claims through its support and sales activities.[5]

27.    Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '769 patent by, at a minimum, providing and supporting Tesla Adaptive Suspension Damping and instructing its customers on how to use it in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact

---

[5] *See* FN 4

information.  *See* <u>Exhibit A</u>.

28.    Based upon public information, Defendant has intentionally induced, and continues to induce, infringement of one or more claims of the '769 patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, employees, partners, or contractors to use Tesla Adaptive Suspension Damping in an infringing manner.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use Tesla Adaptive Suspension Damping in a manner that infringes one or more claims of the '769 patent, including, for example, Claim 21.  Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use Tesla Adaptive Suspension Damping in an infringing manner; advertising Tesla Adaptive Suspension Damping in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the '769 patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '769 patent. Defendant's inducement is ongoing.  *See* <u>Exhibit A</u>.

29.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '769 patent.  Defendant has contributed, and continues to contribute, to the direct infringement of one or more claims of the '769 patent by its customers, personnel, and contractors.  Tesla Adaptive Suspension Damping has special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '769 patent, including, for example, Claim 21.  The special features constitute a material part of the invention of one or more

of the claims of the '769 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.  *See* <u>Exhibit A</u>.

30.    Despite knowledge of the '769 patent since as early as the date the original complaint was served, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes one or more claims of the '769 patent.  Based upon public information, the provision of and sale of Tesla Adaptive Suspension Damping is a source of revenue and a business focus for Defendant.

31.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

32.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Vision Works' patent rights.

33.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

34.    Since at least the filing of the original complaint in this matter, Defendant's direct and indirect infringement of the '769 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

35.    Vision Works has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Vision Works in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36.    Vision Works has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Vision Works has

and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '769 patent. Defendant's actions have interfered with and will interfere with Vision Works's ability to license technology. The balance of hardships favors Vision Works's ability to commercialize its own ideas and technology. The public interest in allowing Vision Works to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT II: <u>INFRINGEMENT OF U.S. PATENT NO. 8,682,558</u>

37.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-16 above as though fully set forth in their entirety.

38.    U.S. Patent No. 8,682,558 (the "'558 patent") was issued on March 25, 2014 after full and fair examination by the USPTO of Application No. 13/650,017 which was filed on October 11, 2012. The '558 patent is entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles." *See* '558 patent at p. 1.

39.    Vision Works owns all substantial rights, interest, and title in and to the '558 Patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

40.    Vision Works or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '558 Patent.

41.    The written description of the '558 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

42.     The claims of the '558 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that use measurements of the absolute acceleration of a vehicle to control at least one of its performance systems.

43.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '558 Patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its Tesla Adaptive Suspension Damping.

44.     Based upon public information, Tesla Adaptive Suspension Damping meets each and every step of at least Claim 21 of the '558 patent, either literally or equivalently.  Specifically, Defendant's provision of Tesla Adaptive Suspension Damping has infringed, and continues to infringe, at least said claim because it provides a method for monitoring and controlling the performance characteristics of a vehicle including an accelerometer-gyroscope for sensing an absolute acceleration of the vehicle, a vehicle computer unit that receives a signal from the accelerometer-gyroscope based upon the absolute acceleration of the vehicle and operates one or more vehicle performance systems based upon the absolute acceleration of the vehicle.  *See* **Exhibit B.**

45.     Based upon public information, Defendant's customers use Tesla Adaptive Suspension Damping in such a way that infringes one or more claims of the '558 patent.  *See* Exhibit B.

46.     To the extent that Defendant is not the only direct infringer of one or more claims of the '558 patent, it instructs its customers on how to use Tesla Adaptive Suspension Damping in

ways that infringe said claims through its support and sales activities.[6]

47. Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '558 patent by, at a minimum, providing and supporting Tesla Adaptive Suspension Damping and instructing its customers on how to use it in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. *See* Exhibit B.

48. Based upon public information, Defendant has intentionally induced, and continues to induce, infringement of one or more claims of the '558 patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, employees, partners, or contractors to use Tesla Adaptive Suspension Damping in an infringing manner. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use Tesla Adaptive Suspension Damping in a manner that infringes one or more claims of the '558 patent, including, for example, Claim 21. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use Tesla Adaptive Suspension Damping in an infringing manner; advertising and promoting the use of F Tesla Adaptive Suspension Damping in an infringing manner; or distributing instructions that guide users to use Tesla Adaptive Suspension Damping in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '558 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more

---

[6] *See* FN 4

claims of the '558 patent.  Defendant's inducement is ongoing.  *See* Exhibit B.

49.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '558 patent.  Defendant has contributed and continues to contribute to the direct infringement of one or more claims of the '558 patent by its customers, personnel, and contractors.  Tesla Adaptive Suspension Damping has special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '558 patent, including, for example, Claim 21.  The special features constitute a material part of the invention of one or more of the claims of the '558 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.  *See* Exhibit B.

50.    Despite knowledge of the '558 patent since as early as the date the original complaint was served, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes one or more claims of the '558 patent.  Based upon public information, the provision of and sale of Tesla Adaptive Suspension Damping is a source of revenue and a business focus for Defendant.

51.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

52.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Vision Works' patent rights.

53.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

54.    Since at least the filing of the original complaint in this matter, Defendant's direct

and indirect infringement of the '558 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

55.     Vision Works has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Vision Works in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

56.     Vision Works has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Vision Works has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '558 patent.  Defendant's actions have interfered with and will interfere with Vision Works's ability to license technology.  The balance of hardships favors Vision Works's ability to commercialize its own ideas and technology.  The public interest in allowing Vision Works to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT III: <u>INFRINGEMENT OF U.S. PATENT NO. 9,830,821</u>

57.     Plaintiff re-alleges and incorporates by reference each of paragraphs 1-16 above as though fully set forth in their entirety.

58.     U.S. Patent No. 9,830,821 (the "'821 patent") was issued on November 28, 2017 after full and fair examination by the USPTO of Application No. 14/584,946 which was filed on December 29, 2014.  The '821 patent is entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles."  *See* '821 patent at p. 1.

59.     Vision Works owns all substantial rights, interest, and title in and to the '821 Patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

60.    Vision Works or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '821 Patent.

61.    The written description of the '821 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

62.    The claims of the '821 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve vehicle safety by providing a system for communicating information about the speed of a vehicle and about its distance to a nearby vehicle.

63.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '821 Patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its Tesla Autopilot.

64.    Based upon public information, Tesla Autopilot meets each and every step of at least Claim 12 of the '821 patent, either literally or equivalently.  Specifically, Defendant's provision of Tesla Autopilot has infringed, and continues to infringe at least said claim because Tesla Autopilot provides a method for communication for a vehicle to calculate a distance between the vehicle and an object and for recording the event if the vehicle enters a safe-zone threshold with respect to distance between the vehicle and the object, wherein the safe-zone threshold is set based upon the speed of the vehicle, and which increases as the speed of the vehicle increases once the

vehicle reaches a specified speed. *See* **Exhibit C.**

65.    Based upon public information, Defendant's customers use Tesla Autopilot in such a way that infringes one or more claims of the '821 patent. *See* <u>Exhibit C</u>.

66.    To the extent that Defendant is not the only direct infringer of one or more claims of the '821 patent, it instructs its customers on how to use Tesla Autopilot in ways that infringe said claims through its support and sales activities.[7]

67.    Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '821 patent by, at a minimum, providing and supporting Tesla Autopilot and instructing its customers on how to use it in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. *See* <u>Exhibit C</u>.

68.    Based upon public information, Defendant has intentionally induced, and continues to induce, infringement of one or more claims of the '821 patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, employees, partners, or contractors to use Tesla Autopilot in an infringing manner. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use Tesla Autopilot in a manner that infringes one or more claims of the '821 patent, including, for example, Claim 12. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use Tesla Autopilot in an infringing manner; advertising and promoting the use of Tesla Autopilot in an infringing manner; or distributing instructions that guide users to use Tesla Autopilot in an infringing manner. Defendant is performing these steps,

---

[7] *See* FN 4

which constitute induced infringement with the knowledge of the '821 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '821 patent. Defendant's inducement is ongoing. *See* Exhibit C.

69.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '821 patent. Defendant has contributed and continues to contribute to the direct infringement of one or more claims of the '821 patent by its customers, personnel, and contractors. Tesla Autopilot has special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '821 patent, including, for example, Claim 12. The special features constitute a material part of the invention of one or more of the claims of the '821 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing. *See* Exhibit C.

70.    Despite knowledge of the '821 patent since as early as the date the original complaint was served, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes one or more claims of the '821 patent. Based upon public information, the provision of and sale of Tesla Autopilot is a source of revenue and a business focus for Defendant.

71.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

72.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Vision Works' patent rights.

73.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

74.    Since at least the filing of the original complaint in this matter, Defendant's direct and indirect infringement of the '821 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

75.    Vision Works has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Vision Works in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

76.    Vision Works has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Vision Works has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '821 patent.  Defendant's actions have interfered with and will interfere with Vision Works's ability to license technology.  The balance of hardships favors Vision Works's ability to commercialize its own ideas and technology.  The public interest in allowing Vision Works to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT IV: <u>INFRINGEMENT OF U.S. PATENT NO. 10,391,989</u>

77.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-16 above as though fully set forth in their entirety.

78.    U.S. Patent No. 10,391,989 (the "'989 patent") was issued on August 27, 2019 after full and fair examination by the USPTO of Application No. 15/791,133 which was filed on October 23, 2017.  The '989 patent is entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles."  *See* '989 patent at p. 1.

79.    Vision Works owns all substantial rights, interest, and title in and to the '989 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

80.    Vision Works or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '989 patent.

81.    The written description of the '989 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

82.    The claims of the '989 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components for detecting levels of lateral acceleration of moving vehicles and generating responses to changes in these levels to maintain stability under varying driving and road conditions.

83.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '989 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises using its Tesla Traction and Stability Control.

84.    Based upon public information, Tesla Traction and Stability Control meets each and every step of at least Claim 9 of the '989 patent, either literally or equivalently.  Specifically, Defendant's provision of Tesla Traction and Stability Control has infringed, and continues to

infringe at least said claims because the it provides a method for monitoring a vehicle that comprises detecting lateral acceleration of a vehicle; determining whether that lateral acceleration is greater than a threshold value; and reducing the speed of the vehicle based on the vehicle's heading.  *See* **Exhibit D**.

85.    Based upon public information, Defendant's customers use Tesla Traction and Stability Control in such a way that infringes one or more claims of the '989 patent.  *See* Exhibit D.

86.    To the extent that Defendant is not the only direct infringer of one or more claims of the '989 patent, it instructs its customers on how to use Tesla Traction and Stability Control in ways that infringe said claims through its support and sales activities.[8]

87.    Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '989 patent by, at a minimum, providing and supporting Tesla Traction and Stability Control and instructing its customers on how to use it in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.  *See* Exhibit D.

88.    Based upon public information, Defendant has intentionally induced, and continues to induce, infringement of one or more claims of the '989 patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, employees, partners, or contractors to use Tesla Traction and Stability Control in an infringing manner.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use Tesla Traction and Stability Control in a manner that infringes one or more

---

[8] *See* FN 4

claims of the '989 patent, including, for example, Claim 9.  Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use Tesla Traction and Stability Control in an infringing manner; advertising and promoting the use of Tesla Traction and Stability Control in an infringing manner; or distributing instructions that guide users to use Tesla Traction and Stability Control in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the '989 patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of Tesla Traction and Stability Control by others would infringe one or more claims of the '989 patent.  Defendant's inducement is ongoing.  *See* Exhibit D.

89.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '989 patent.  Defendant has contributed and continues to contribute to the direct infringement of one or more claims of the '989 patent by its customers, personnel, and contractors. Tesla Traction and Stability Control has special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '989 patent, including, for example, Claim 9.  The special features constitute a material part of the invention of one or more of the claims of the '989 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.  *See* Exhibit D.

90.    Despite knowledge of the '989 patent since as early as the date the original complaint was served, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes one or more claims of the '989 patent.  Based upon public information, the provision of and sale of Tesla Traction and Stability Control is a source of revenue and a business focus for Defendant.

91.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

92.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Vision Works' patent rights.

93.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

94.    Since at least the filing of the original complaint in this matter, Defendant's direct and indirect infringement of the '989 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

95.    Vision Works has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Vision Works in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

96.    Vision Works has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Vision Works has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '989 patent.  Defendant's actions have interfered with and will interfere with Vision Works's ability to license technology.  The balance of hardships favors Vision Works's ability to commercialize its own ideas and technology.  The public interest in allowing Vision Works to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT V: <u>INFRINGEMENT OF U.S. PATENT NO. 10,410,520</u>

97.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-16 above as

though fully set forth in their entirety.

98.    U.S. Patent No. 10,410,520 (the "'520 patent") was issued on September 10, 2019 after full and fair examination by the USPTO of Application No. 15/792,203 which was filed on October 24, 2017.  The '520 patent is entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles."  *See* '520 patent at p.1.

99.    Vision Works owns all substantial rights, interest, and title in and to the '520 Patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

100.    Vision Works or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '520 Patent.

101.    The written description of the '520 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

102.    The claims of the '520 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve vehicle safety by providing a system for communicating information about the speed of a vehicle and about its distance to a nearby vehicle.

103.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '520 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises using its

Tesla Autopilot.

104.   Upon information and belief based upon public information, Tesla Autopilot meets each and every step of at least Claim 12 of the '520 patent, either literally or equivalently. Specifically, Defendant's provision of Tesla Autopilot has infringed, and continues to infringe, at least said claim because it provides a method for determining a safe distance of a vehicle from an object by determining the vehicle's speed, calculating the distance between the vehicle and the object; and determining whether the vehicle is a safe distance from the object based upon a constant value defined according to the speed of the vehicle and the distance between the vehicle and the object.  *See* **Exhibit E**.

105.   Based upon public information, Defendant's customers use Tesla Autopilot in such a way that infringes one or more claims of the '520 patent.  *See* Exhibit E.

106.   To the extent that Defendant is not the only direct infringer of one or more claims of the '520 patent, it instructs its customers on how to use Tesla Autopilot in ways that infringe said claims through its support and sales activities.[9]

107.   Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '520 patent by, at a minimum, providing and supporting Tesla Autopilot and instructing its customers on how to use it in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.  *See* Exhibit E.

108.   Based upon public information, Defendant has intentionally induced, and continues to induce, infringement of one or more claims of the '520 patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged,

[9] *See* FN 4

instructed, enabled, and otherwise caused Defendant's customers, employees, partners, or contractors to use Tesla Autopilot in an infringing manner.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use Tesla Autopilot in a manner that infringes one or more claims of the '520 patent, including, for example, Claim 12.  Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use Tesla Autopilot in an infringing manner; advertising and promoting the use of Tesla Autopilot in an infringing manner; or distributing instructions that guide users to use Tesla Autopilot in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the '520 patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of Tesla Autopilot by others would infringe one or more claims of the '520 patent. Defendant's inducement is ongoing.  *See* Exhibit E.

109.  Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '520 patent.  Defendant has contributed and continues to contribute to the direct infringement of the '520 patent by its customers, personnel, and contractors. Tesla Autopilot has special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '520 patent, including, for example,  Claim 12.  The special features constitute a material part of the invention of one or more of the claims of the '520 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.  *See* Exhibit E.

110.  Despite knowledge of the '520 patent since as early as the date the original complaint was served, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes

one or more claims of the '520 patent.  Based upon public information, the provision of and sale of Tesla Autopilot is a source of revenue and a business focus for Defendant.

111.  Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

112.  Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Vision Works' patent rights.

113.  Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

114.  Since at least the filing of the original complaint in this matter, Defendant's direct and indirect infringement of the '520 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

115.  Vision Works has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Vision Works in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

116.  Vision Works has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Vision Works has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '520 patent.  Defendant's actions have interfered with and will interfere with Vision Works's ability to license technology.  The balance of hardships favors Vision Works's ability to commercialize its own ideas and technology.  The public interest in allowing Vision Works to enforce its right to exclude outweighs other public interests, which supports injunctive relief in

this case.

## JURY DEMAND

117.   Plaintiff demands a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

118.   Plaintiff respectfully requests the following relief:

A.   An adjudication that one or more claims of the Asserted Patents has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.   An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C.   A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

D.   Judgment that Defendant's infringements be found willful as to the Asserted Patents; and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

E.   Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

F.   That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G.   Any further relief that this Court deems just and proper.

Dated: <u>October 1, 2025</u>          Respectfully submitted,

_/s/ James F. McDonough, III_

James F. McDonough, III (GA 117088) *
Jonathan R. Miller (GA 507179) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH PLLC**
1001 Bannock Street, Suite 241
Denver, Colorado 80204
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

**Attorneys for _Plaintiff VISION WORKS IP CORP._**

* Admitted to the Eastern District of Texas

**<u>Exhibits</u>**
   A.  Evidence Of Use – U.S. Patent No. 8,315,769
   B.  Evidence Of Use – U.S. Patent No. 8,682,558
   C.  Evidence Of Use – U.S. Patent No. 9,830,821
   D.  Evidence Of Use – U.S. Patent No. 10,391,989
   E.  Evidence Of Use – U.S. Patent No. 10,410,520

**<u>Attachments</u>**
   • Civil Cover Sheet
   • Proposed Summons